WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| PAUL VERRELL, | No. CIV 14-1730-TUC-CKJ |
| Plaintiff, | **ORDER** |
| v. | |
| ROC AZ VILLA ANTIQUA LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Paul Verrell's Motion for Leave to File Amended Complaint and Memorandum in Support (Doc. 10), Defendants ROC AZ Villa Antiqua, LLC and Bridge Property Management, LLC's Response thereto (Doc. 15), and Plaintiff's Reply (Doc. 16).

*Factual and Procedural Background*

On October 1, 2012, Plaintiff was assaulted during a get-together at Mirabella Apartment Homes, property owned by ROC AZ Villa Antiqua and managed by Bridge Property Management. (Doc. 15 at 2.) Plaintiff filed an initial Complaint in Pima County Superior Court on September 30, 2013. (*Id*.) The initial Complaint did not name the recently convicted Shawn Lamar Johnson ("Johnson"), who was found guilty of assaulting Verrell in state court on May 2, 2014. (*Id*.; Doc. 10-2) On February 12, 2014, Defendants, both limited liability companies whose principle place of business is Utah, filed a Notice of Removal pursuant to 28 U.S.C. § 1332, as Plaintiff is a resident of

Arizona and the amount in controversy is greater than $75,000. (Doc. 1 at 2.) Plaintiff filed a Motion for Leave to File Amended Complaint on May 9, 2014. (Doc. 11.) The Amended Complaint seeks to add two new defendants to the case: (1) Shawn Johnson and (2) Valley Protective Services of Tucson, LLC (VPS). (*Id.* at 2.) Both parties sought to be joined in the Amended Complaint are Arizona residents and, as such, joinder of either Defendant would deprive the Court of jurisdiction. (Doc. 15 at 2.)

*28 U.S.C. § 1447(e) Legal Standard*

The governing law for granting a leave to file an amended complaint that would add defendants whose joinder would destroy subject matter jurisdiction after removal from a State court is 28 U.S.C. § 1447(e).[1] *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1088 (C.D. Cal. 1999) (the more liberal and permissive standards of Rule 15(a) do not apply when an amendment is diversity-destroying). This decision to grant leave is left to the discretion of the district courts. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). The following five factors have historically guided the Court in deciding whether to deny Plaintiff's *de facto* joinder of non-diverse parties or permit joinder and inevitably remand the action to State court: (1) whether the parties sought to be joined are needed for just adjudication; (2) whether joinder is intended solely to defeat federal jurisdiction; (3) whether the claims against the new defendant appear valid; (4) whether denial of joinder will prejudice the plaintiff; and (5) the timeliness of the motion. *Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 580 (D. Ariz. 2003); *see also IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). No single factor is decisive, and the Court may weigh each factor as it sees fit. *Cf. Newcombe*, 157 F.3d at 691.

---

[1] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

*Analysis*

The first factor to consider is whether the addition of the parties sought to be joined in the lawsuit is paramount to the just adjudication of the case. When evaluating this factor, courts typically consider whether a party would meet a less restrictive variant of the "necessary" standard under Fed. R. Civ. Proc. 19(a). *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1012 (N.D. Cal. 2000); *see also Mayes v. Rapoport*, 198 F.3d 457, 462 (9th Cir.1999) (holding that under § 1447(e) the court has more flexibility to allow joinder of non-diverse parties than Rule 19(a) analysis). The Ninth Circuit has described necessary parties under Rule 19 as persons "having an interest in the controversy, and who ought to be made a party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *CP Nat'l. Corp. v. Bonneville Power Admin.,* 928 F.2d 905, 912 (9th Cir.1991) (quoting *Shields v. Barrow,* 58 U.S. (17 How.) 130, 139, 15 L.Ed. 158 (1854)). The necessity standard is also met when "failure to join will lead to separate and redundant actions." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1011. Here, Shawn Johnson has an acute interest in the controversy because he is a named non-party at fault by Defendants. Absent joinder, in order for Plaintiff to recover against Johnson, or VPS, it would require a separate and redundant lawsuit against the parties in state court. Judicial economy and fairness to counsel support granting the leave to amend. A separate action in state court would waste a great deal of judicial resources adjudicating the exact same factual circumstances that would need to be resolved in the federal court. Moreover, in a case of comparative negligence, it is even more important that the factual issues be adjudicated and resolved by the same trier of fact so that fault is consistently and equitably apportioned between all of the implicated parties. Defendants argue that although the

underlying incident is the same and the legal claims are similar, the basis of the claims against the Defendants are different than for the other two parties. However, this fact does not relieve the need to avoid redundant litigation of the same controversy. Nor does it allow for a single trier of fact to justly allocate comparative fault. The parties' necessity for just adjudication favors granting leave to amend.

The second factor to consider is Plaintiff's motive behind the attempt to amend the complaint. The court must "look with particular care" at plaintiff's motive as to prevent fraudulent joinder that would amount to unfair gamesmanship. *Desert Empire Bank v. Ins. Co. of North Am.*, 623 F.2d 1371, 1376 (9th Cir.1980). However, there is a general presumption against fraudulent joinder, and the burden of proof is on the defendant to prove fraudulent joinder by clear and convincing evidence. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Defendants argue that because Johnson's identity was known from the outset of the case,[2] Plaintiff's "good faith" in filing the motion at this time may be impugned and the motion's only objective in naming the new parties is to destroy federal diversity jurisdiction. Plaintiff counters this accusation by stating that at the original time of filing, the state criminal case against Johnson was still pending, and had Plaintiff sued Johnson at that time, it may have had adverse repercussions in the criminal case. Plaintiff also contends that he decided to amend his complaint and add Johnson as a party to the case after he learned from defense counsel that Johnson was to be named as a non-party at fault.[3] Defendants have not provided clear and convincing evidence of fraudulent joinder and admit that leave to amend with respect to VPS was likely made in good faith. Moreover, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts

---

[2] Johnson was named as the assailant in the original Complaint.

[3] While Plaintiff's Motion for Leave to File Amended Complaint was filed on May 8, 2014, a day before Defendant's Notice of Non-parties at Fault, an email exchange dated April 11, 2014, proves that defense counsel informed counsel for plaintiff that they would be naming Johnson as a non-party at fault.

- 4 -

more flexibility in dealing with the addition of such defendants." *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012. The Court does not find that Plaintiff's motive weighs against granting leave to amend.

The third factor is whether the claims against the new parties appear valid. If claims against the parties are facially meritless it would weigh in favor of denying amendment. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999). The Court concludes, and neither party disagrees, that the claims against Johnson are strong. Johnson has been convicted for the assault in the state court and will likely share in the comparative fault. Additionally, the strength of the claims further alleviates the concern of fraudulent joinder considered *supra*. Defendants argue that the claim against VPS is weak. While the Court agrees that the claims are certainly not as strong as those claims against Johnson, they do not appear entirely meritless.[4] Ultimately, as long as one of the claims is strong enough to grant leave to amend the complaint, it does not matter the relative or absolute strength of each individual claim. That determination would be a matter best left to the state court on remand. *Cf. Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1025 (C.D. Cal. 2002) (deciding that, under a § 1447(e) analysis, the court "need not consider the validity or strength" of a claim that eventually would be heard by the state court).

The next factor to consider is whether the denial of joinder would prejudice Plaintiff. This factor takes into consideration: (1) whether denying the amendment would force the plaintiff to choose between the costs of redundant litigation arising out of the same facts or foregoing potential claims against the parties sought to be joined; and (2) if the statute of limitations would bar the filing of an original complaint in the state court.

---

[4] The Court does not have enough information to engage in a hypothetical motion for summary judgment on the claims as some courts have done in analyzing this factor under a motion to amend complaint pursuant to § 1447(e). *E.g.*, *Clinco*, 41 F. Supp. 2d at 1083; *but see Goodman v. Travelers Ins. Co.,* 561 F. Supp. 1111, 1113 (N.D. Cal. 1983) (analyzing the strength of the claim only so far as to determine whether Plaintiff's pleading was a "mere sham" to return to state court).

- 5 -

*See Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 581 (D. Ariz. 2003); *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1013. Forcing a plaintiff to choose between redundant litigation or to forgo valid claims is an unnecessary judicial hurdle for a party seeking relief and fair adjudication. Likewise, a plaintiff could be prejudiced if his claim would be time-barred as an original action in state court and the court did not grant leave to amend so that the new claim would relate back to the original complaint, thereby rendering it timely and permissible. It is uncontested that the statute of limitations pertaining to the claims has not run in this case.[5] Generally, a federal court may be less inclined to permit diversity-destroying joinder if the plaintiff could still potential seek relief in state court. *See Clinco*, 41 F.Supp.2d at 1083. However, because the claims against the sought parties arise out of the same factual circumstances, it is to the economic benefit of all parties, and the judicial system, to have the entire controversy adjudicated only once. To force Plaintiff to proceed with expensive litigation in state court against Johnson and VPS would create avoidable prejudice. This factor favors granting leave to amend.

The last factor to consider is the extent to which the attempted amendment is timely. Courts weigh this factor by considering the current stage of litigation and whether there has been an undue delay in seeking amendment. *IBC Aviation Servs., Inc.*, 125 F. Supp. 2d at 1012; *see also Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983) (holding that a delay of six months after removal and just four days prior to the hearing on a motion for summary judgment was an undue delay). Here, Plaintiff filed his Motion before the Case Management Order was issued and before major discovery was conducted, and any dispositive motions were filed. In fact, Plaintiff filed his Motion one day *before* the Defendants provided notice of non-parties at fault. Thus, the Court does

---

[5] Arizona has a two-year statute of limitations on claims involving personal injuries such as this one. A.R.S. § 12-542. The injury occurred on October 1, 2012, therefore, the statute of limitations does not run until October 1, 2014.

- 6 -

not find that the filing was untimely.

In conclusion, after weighing the aforestated factors under the discretionary standard of § 1447(e), the Court finds amendment is warranted.

Further, as complete diversity of citizenship no longer exists between the parties, this Court does not have subject matter jurisdiction over this matter. The Court, therefore, will remand this matter to the state court.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 10) is GRANTED. The Clerk of Court shall file the lodged Amended Complaint (Doc. 11) pursuant to the ECF Administrative Policies and Procedures Manual § II.H.

2. This matter is REMANDED to the Pima County Superior Court (Cause # C20135473) pursuant to 28 U.S.C. § 1447.

3. The Clerk of Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court.

4. The Clerk of Court shall enter judgment and shall then close its file in this matter.

Dated this 16th day of July, 2014.

_____
Cindy K. Jorgenson
United States District Judge